FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★    SEP 25 2014    ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS ROMERO,

                Petitioner,

-against-

OPINION AND ORDER
13-CV-4048 (SJF)

SUPERINTENDENT MICHAEL SHEAHAN,

                Respondent.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

Before the Court is Carlos Romero's ("petitioner") motion for a Stay of Abeyance while petitioner pursues a Criminal Procedure Law ("CPL") § 440.10 motion in the County Court, Suffolk County, New York. For the following reasons, petitioner's motion is **DENIED**.

Petitioner was convicted of robbery in the first degree after a jury trial before the Honorable Gary J. Weber in the County Court, Suffolk County, New York. Aff. in Opp. ¶ 3. On July 12, 2013, petitioner filed a petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, on the bases his attorney failed to: request that the jury be instructed on an affirmative defense to the charge of Robbery in the First Degree; request the lesser-included charge of Robbery in the Second Degree or consult with petitioner prior to making the decision; preserve a claim of evidentiary sufficiency; object to the trial court's allegedly coercive comments regarding the jury's question "what happens if we can't reach an agreement"; and to object to the trial court's consciousness of guilt instruction and the sentence imposed by the court. DE 8 pp.1-2. The petition also alleges: (1) the conviction should be reversed because the prosecutor failed to prove petitioner's guilt beyond a reasonable doubt and the conviction was against the weight of the evidence; (2) the trial court committed reversible error by failing to provide an *Allen* charge

to the jury and by conveying to the jury that it was obligated to return with a verdict; (3) the court committed reversible error by providing the jury with a consciousness of guilt instruction; and (4) the sentence was vindictive. These claims were previously raised by petitioner on direct appeal to the State courts. *Id.* at 2.

In *Rhines v. Weber*, 544 U.S. 269, 274 (2005), the Supreme Court held that a federal habeas court should only grant a "stay and abeyance" to a habeas petitioner seeking to exhaust previously unexhausted claims in state court under limited circumstances: (1) when the petitioner demonstrates "good cause for [his] failure to exhaust his claims . . . in state court," *id.* at 277, (2) when the "unexhausted claims are potentially meritorious," *id.* at 278, and (3) when "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* "Under *Rhines*, it is the petitioner who has the burden of demonstrating 'good cause' for his failure to exhaust previously any unexhausted claims." *Perkins v. LaValley*, No. 11 Civ. 3855, 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012) (denying petitioner's motion for a stay of abeyance where petitioner offered no explanation for his failure to exhaust, or even raise, his § 440.10 claims prior to filing his habeas petition).

Petitioner requests a stay of abeyance while his motion pursuant to New York CPL § 440.10 is resolved. He argues that the State court motion must be addressed or this Court will deny the claims as unexhausted. The government opposes petitioner's request because the proposed claims are part of the record and are not properly raised in a CPL § 440.10 motion. DE 12 p. 2. The government also argues that the trial court is procedurally barred from addressing these claims since New York's Appellate Division, Second Department, already decided them on their merits on appeal and held: that the evidence was legally sufficient to establish petitioner's

guilt; the sentence was not vindictive; and an *Allen* charge was unnecessary under the circumstances. *See People v. Romero*, 995 N.Y.S.2d 214, 215-16 (N.Y. App. Div. 2012). With respect to petitioner's ineffective assistance of counsel claim, the appeals court held: "Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety."

Petitioner has demonstrated that his ineffective assistance of counsel claim is potentially meritorious and there is no evidence that petitioner's request for a stay is intentionally dilatory. Petitioner, however, has not shown any cause, much less good cause, for his failure to exhaust his claims by a CPL § 440.10 motion prior to filing his petition for a writ of habeas corpus. Accordingly, his request for a stay of abeyance is **DENIED**. Petitioner's reply in response to the government's opposition to his petition for a writ of habeas corpus, if any, is due October 27, 2014.

The Court certifies that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: September 25, 2014
      Central Islip, New York

                                            Sandra J. Feuerstein, U.S.D.J.